**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 22, 2011.**

**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-11933-CAG |
| | § | |
| ERIC BENJAMIN ERICKSON, | § | CHAPTER 7 |
| Debtor. | § | |

| | | |
|---|---|---|
| ERIC ERICKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSETS SECURITIES CORPORATION AMORTIZING RESIDENTIAL COLLATERAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-BC8, | § | ADV. NO. 09-01135-CAG |
| Defendant and Third-Party Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SIMONS FAMILY TRUST, GREG HEWITT LAHR, EXECUTOR OF THE ESTATE OF JORENA BENNETT AND BROOKS BENNETT NORDENBERG, | § | |
| Third-Party Defendants. | § | |

**MEMORANDUM OPINION ON DEFENDANT'S POST-TRIAL MOTION FOR AWARD OF ATTORNEYS' FEES**

Came on to be considered the above-styled and numbered adversary proceeding and, in particular, Defendant's Post-Trial Motion for Award of Attorneys' Fees filed on May 5, 2011 (docket no. 70). The Motion requests that the Court award reasonable attorneys' fees against the Plaintiff Eric Erickson. It further requests that post-petition attorneys' fees be awarded as a personal judgment against the Plaintiff. On June 15, 2011, the Court held a hearing on the motion and took the matter under advisement.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. § 1408(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C. § 1408 and § 1409. This matter is referred to this Court under the District's Standing Order of Reference. The Court may enter findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure § 7052(a)(1). For the reasons stated herein, the Court finds that the Defendant's Motion should be DENIED.

**FACTUAL BACKGROUND**

This adversary proceeding arises from a home equity note the Plaintiff obtained on February 3, 2000 from Option One Mortgage Corporation ("Option One") in the amount of $320,000. In order to obtain the loan, Option One required the Plaintiff to sign an affidavit stating that the 3.37 acres in Travis County, Texas (the "Subdivision") used to secure the loan constituted Plaintiff's homestead. On July 27, 2000, the Plaintiff subdivided the property. On May 15, 2001, the Plaintiff borrowed $400,000 from the Margaret Piper Herman Trust and CA Holdings LLC secured by the Second Lien Deed of Trust on the Subdivision. In the Second Lien Deed of Trust, the Plaintiff indicated that the Subdivision was not his homestead. The Plaintiff

also indicated that the Subdivision was not his homestead in the "Nonhomestead Affidavit and Designation of Homestead" he executed under oath in order to obtain the Second Loan. On May 15, 2001, the Plaintiff borrowed $200,000 from the Oliver Pierson and Simons Family Trust using the Subdivision to secure the loan, and again represented that the Subdivision was not his homestead.

On August 9, 2002, the Plaintiff obtained $931,000 through a home equity loan from Option One in order to refinance his existing indebtedness. The August 9th home equity loan was secured by a Deed of Trust encumbering Lot 1 of the Subdivision and, in order to obtain the loan, the Plaintiff swore in the Texas Equity Loan Affidavit that Lot 1 was his homestead. The proceeds of the $931,000 Option One home equity loan were used to discharge the first, second, and third liens on the Subdivision.

On September 1, 2003, the Plaintiff borrowed $203,000 from the Third-Party Defendants, secured by another Deed of Trust on Lot 1. In the Deed of Trust, the Plaintiff indicated that no part of the property was exempt from forced sale under the laws of Texas. The Plaintiff then borrowed $20,000 from Jorena Bennett, secured by a Deed of Trust on Lot 1 on November 1, 2003. Again, the Plaintiff stated that no part of the property was exempt from forced sale under Texas law. On January 15, 2004, the Plaintiff borrowed an additional $40,000 from Jorena Bennett, secured by a Deed of Trust on Lot 1, and again represented that the property was not exempt from forced sale under Texas law. Additionally, Erickson is the Defendant in another adversary proceeding in this Court, Case No. 10-01004, where the Plaintiff in that case, Majid Hemmasi, alleges that Erickson borrowed $20,000 from him on October 14, 2004. In deciding to loan money to Erickson, Hemmasi alleges that he relied on Erickson's representation that Lot

1 of the Subdivision was not Erickson's homestead; thus, Lot 1 would not be exempt from forced sale under Texas law.

Each time the Plaintiff indicated that Lot 1 was not his homestead in order to borrow money, he asserted that he resided at 2002 Arthur Lane, Austin, TX 78704. The Plaintiff's mother, however, testified in a deposition that she lives at 2002 Arthur Lane and that the Plaintiff has not lived at that address since becoming an adult.

## PROCEDURAL BACKGROUND

When the Plaintiff defaulted on the $931,000 Option One home equity loan in 2005, an *in rem* foreclosure proceeding was commenced. To prevent the foreclosure, the Plaintiff filed suit in the 250th District Court in Travis County, Texas, and sought a declaratory judgment that the $931,000 home equity loan is invalid. Due to an oversight by one of Wells Fargo's attorneys, Wells Fargo did not answer and the Plaintiff obtained a default judgment against Wells Fargo. Because Wells Fargo did not receive timely notice of the judgment, the trial court granted Wells Fargo's motion for a new trial and set aside the default judgment. On December 11, 2007, the state court entered an Order disposing of several of the Plaintiff's claims. Specifically, the Court found that:

(1) Plaintiff's claim that the note and lien were unenforceable because paragraph 6(D) of the note provides for personal liability failed as a matter of law.

(2) Plaintiff's claim that the note and lien were unenforceable because the principal amount of the note exceeds 80% of the fair market value failed as a matter of law.

(3) Plaintiff's claim that the note and lien were unenforceable because Plaintiff was required to prepay interest on the date of closing so that the debt was not payable in equal monthly payments failed as a matter of law.

(4) Plaintiff's claim that the note and lien were unenforceable because the loan did not say that it may not be accelerated because of a decrease in market value or because of a default on some other debt not secured by a lien on the homestead failed as a matter of law.

(5) A genuine issue of material fact existed as to whether the Wells Fargo note is invalid under the Texas Constitution because the note was used to pay off the underlying second and third lien notes that were allegedly not authorized by Section 50(a)(6) and Section 50(e) of the Texas Constitution.

(6) Plaintiff's claim that the note and lien were unenforceable because Plaintiff was not provided with the notice required by Section 50(g) of the Texas Constitution failed as a matter of law.

(7) Plaintiff's claim that the note and lien were unenforceable because Option One was not a qualified lender failed as a matter of law.

(8) A genuine issue of material fact existed as to whether the Plaintiff received a copy of all the documents he signed at closing.

(9) Plaintiff's claim that the note and lien were unenforceable because Plaintiff was not provided with notice of his right of rescission failed as a matter of law.

(10) A genuine issue of material fact existed as to whether the liens of Margaret Piper Herman Trust and CA Holdings and Oliver Pierson and Simons Family Trust violated the Texas Constitution.

The state court set the remaining fact issues for jury trial in July 2009; however, on July 9, 2009, the Plaintiff filed for protection under Chapter 7 of the Bankruptcy Code. Thus, on September 25, 2009, the lawsuit between the Plaintiff and Wells Fargo was removed to this Court.

Prior to removal of the case, the parties stipulated to the following facts: (1) the note and lien were delivered to Wells Fargo; (2) Wells Fargo was the owner and holder of the note and lien; (3) the loan was closed at a title company by a closing agent; (4) Option One furnished the funds in the note and the funds were disbursed by a title company and applied in accordance with the Settlement Statement; (5) the proceeds were used to pay off the $400,000 and $200,000 liens; (6) the home equity loan to Plaintiff as evidenced in the note and deed of trust was in default and Plaintiff received notice of the default and failed to cure the default; (7) the indebtedness evidenced by the note and deed of trust was accelerated in accordance with the terms of the note and the law of acceleration for the amount due plus interest; and (8) as of June 19, 2009, the total amount due was $1,371,948.92 plus daily interest of $189.39. After removal, the Plaintiff filed a Fourth Amended Original Complaint (docket no. 11) reasserting that the note and lien are unenforceable because Wells Fargo failed to comply with Subsection X of Section 50(a)(6) of Article XVI of the Texas Constitution and that the note and lien are unenforceable because the loan documents failed to comply with the Home Equity Rules of the Texas Constitution. Plaintiff also asserted in the Fourth Amended Original Complaint that the liens placed on the Plaintiff's homestead by Simons/Nordenberg violated Article XVI, Section 50 of the Texas

Constitution. Wells Fargo answered and asserted a counterclaim against the Plaintiff asking the Court to declare that Wells Fargo is the beneficiary of a valid and enforceable lien against the property securing the payment of the home equity loan made to Plaintiff, including any reasonable and necessary attorneys' fees (docket no. 11). Wells Fargo also requested that the Court grant judicial foreclosure of its lien against the property and issue an order of sale. In the alternative, Wells Fargo asked the Court to declare and hold that it is entitled to a contractual and equitable subrogation lien against the property and grant judicial foreclosure of Wells Fargo's subrogation lien against the property and issue an order of sale.

This Court entered Judgment on May 19, 2011 (docket no. 76). Specifically, it held that:

(1) Plaintiff's Fourth Amended Complaint was denied and the Plaintiff is granted a take nothing judgment.

(2) Defendant Wells Fargo is the beneficiary of the August 9, 2002 Option One Mortgage Corporation home equity lien and related loan documents.

(3) The August 9, 2002 Option One home equity lien and related loan documents are valid and enforceable.

(4) The Defendant Wells Fargo shall recover from Plaintiff (*in rem*) in the amount of $1,618,263.89 as of January 26, 2011, plus daily interest of $189.39 for each day thereafter until paid, being the indebtedness due and owing on and secured by the August 9, 2002 Option One Mortgage Corporation home equity lien.

(5) The automatic stay in Plaintiff's Chapter 7 case shall be lifted and Defendant Wells Fargo is granted an order of sale for judicial foreclosure of Defendant Wells Fargo's lien to be conducted in accordance with applicable Texas law on Lot One (1), THE ERICKSON SUBDIVISION.

(6) Any and all claims for damages against Plaintiff which may be claimed by Third-Party Defendants are subordinate and inferior in priority to Defendant Wells Fargo's lien against the Property securing the $931,000 home equity loan made to Plaintiff by Option One.

(7) Third-Party Defendants' request that the Court enter a judgment declaring that the property subject to the Third-Party Defendants' lien is not Plaintiff's is DENIED.

(8) Third-Party Defendants' cause of action for fraud is GRANTED.

(9) Third-Party Defendants are entitled to damages to the extent of unpaid principal and accrued interest to the date of Plaintiff's petition on the loans that were executed by Third-Party Defendants and Plaintiff on September 1, 2003; November 1, 2003; and January 15, 2004.

(10) Third-Party Defendants' cause of action for breach of contract is hereby DENIED.

(11) The judgment is a final order, the effect of which is to make final this Court's orders on the dispositive motions.

(12) The prevailing parties shall submit motions which state why they should be entitled to attorneys' fees pursuant to Federal Rule of Bankruptcy Procedure § 7054.

(13) All other relief requested is DENIED.

Following the judgment, the Defendant Wells Fargo submitted a Post-Trial Motion for Award of Attorneys' Fees (docket no. 70). Wells Fargo asserts that Plaintiff Eric Erickson's fraudulent and uncooperative behavior throughout the course of the preceding litigation proves that he never intended to fulfill the terms of the loan he secured from Option One on August 9,

2002. Wells Fargo contends that a lack of intention to perform on a contract constitutes actionable fraud, and that it is entitled to attorneys' fees as a personal judgment against Eric Erickson.

**PARTIES' CONTENTIONS**

Defendant's Motion for Award of Attorneys' Fees contends that the amount of reasonable attorneys' fees incurred by Wells Fargo since the filing of Plaintiff's Chapter 7 Petition on July 9, 2009 should, in addition to being secured by the home equity lien against the property, be awarded as a personal judgment against Plaintiff. Defendant also contends that while Plaintiff did not commit fraud against the Defendant in order to obtain the loan on August 9, 2002, Plaintiff did engage in a scheme of fraudulent behavior that shows an intent not to fulfill the terms of his loan and therefore constitutes actual fraud in his dealings with Defendant. Furthermore, Defendant argues that Plaintiff's willingness to sign false affidavits without compunction, as well as his constantly changing and meritless legal claims, demonstrate sufficiently reprehensible behavior so as to warrant the punishment of awarding Defendant post-petition attorneys' fees as a personal judgment.

Plaintiff contends that the loan he obtained from Option One was a non-recourse loan and that Defendant cannot recover attorneys' fees from the Plaintiff unless the Defendant shows that the Plaintiff obtained the loan through actual fraud as required by the Texas Constitution. The Plaintiff also contends that the Defendant's claim for attorneys' fees is based on an obligation that was discharged at the time the Plaintiff filed for bankruptcy and that attorneys' fees are therefore not recoverable against the Plaintiff. Finally, the Plaintiff asserts that he never made a claim against the home equity note held by Wells Fargo and that none of the attorneys' fees were therefore incurred in defense of the note.

## LEGAL ANALYSIS

The Court declines to find that reasonable post-petition attorneys' fees should be awarded as a personal judgment against Eric Erickson. In Texas, attorneys' fees are recoverable for a valid claim founded on a contract. TEX. CIV. PRAC. REM. CODE § 38.001(8) (West 2008). The Texas Supreme Court has held that a note holder can recover attorneys' fees incurred in overcoming defenses presented by the borrower to reduce or prevent collection because the attorneys' fees were necessary to recover on a contract. ***Varner v. Cardenas***, 218 S.W.3d 68 (Tex. 2007). In the instant case, the Plaintiff sought to prevent collection on the note by filing suit and claiming that the note and lien against his property were unenforceable. The attorneys' fees that the Defendant incurred in presenting its subsequent defenses and counterclaim were therefore necessary to collect on the promissory note. Moreover, Paragraph 6(D) of the Home Equity Note authorizes recovery of attorneys' fees by Wells Fargo in enforcing the Note. The Defendant is therefore entitled to reasonable attorneys' fees. However, because the loan obtained by the Plaintiff was a home equity loan, post-petition attorneys' fees cannot be awarded as a personal judgment against the Plaintiff.

As the Defendant points out, some jurisdictions have permitted an award of post-petition attorneys' fees as a personal judgment against a debtor who has filed a petition for bankruptcy. *See* ***In re Ybarra***, 424 F.3d 1018 (9th Cir. 2005); ***In re Sure-Snap Corp.***, 983 F.2d 1015 (11th Cir. 1993); ***In re Hadden***, 57 B.R. 187 (Bankr. W.D. Wis. 1986). For instance, in ***Hadden*** the court held that attorneys' fees incurred by a debtor when the debtor voluntarily continued to pursue pending litigation, following the filing of a petition for relief under Chapter 7, created a nondischargeable post-petition debt. 57 B.R. at 190. The court based its holding on the rationale that a debtor is provided a fresh start through bankruptcy, and that "[i]f the debtor chooses to

enjoy his fresh start by pursuing pre-petition claims which have been exempted, he must do so at the risk of incurring the post-petition costs involved in his acts." ***Id.***

A conclusion similar to the one in ***Hadden*** cannot be reached in the instant case, however, because of restrictions that the Texas Constitution places upon home equity loans. *See* TEX. CONST. art. XVI, § 50(a)(6). The Texas Constitution protects homestead properties from forced sale "(a) for the payment of all debts except for . . . (6) an extension of credit that . . . (6) is without recourse for personal liability against each owner and the spouse of each owner, unless the owner or spouse obtained the extension of credit by actual fraud." TEX. CONST. art. XVI, § 50(a)(6)(C). This provision means that a defendant may recover reasonable attorneys' fees through the sale of the collateral in a foreclosure sale when collecting on a home equity loan, but may not seek to recover attorneys' fees and costs from the debtor in his individual capacity. ***In re Mullin***, 433 B.R. 1, 18 (Bankr. S.D. Tex. 2010). This Court has already lifted the automatic stay in Plaintiff's Chapter 7 case and granted Defendant an order of sale for judicial foreclosure (docket no. 76). It has also found that Lot One (1), THE ERICKSON DIVISION, is the Plaintiff's homestead (*Id.*). While this Court did grant the Third-Party Defendants' cause of action for fraud, this Court did not find that Erickson had been fraudulent in his dealings with Option One so as to secure the home equity note on August 9, 2002 (*Id.*). Given the forced sale of the homestead and the absence of the finding of fraud, therefore, the Defendant should have no recourse to personal liability against the Plaintiff. *See* TEX. CONST. art. XVI, § 50(a)(6)(C).

The Defendant contends, however, that the Plaintiff did engage in fraud in securing the home equity note from Option One, and that the Defendant is therefore exempt from the restrictions imposed by Subsection C of Section 50(a)(6) of Article XVI of the Texas Constitution, and can have recourse to personal liability. To support its claim, the Defendant

argues that the Plaintiff's behavior, when considered as a whole, constitutes a serial predatory scheme to defraud lenders, including Wells Fargo. The Defendant also asserts that a lack of intention to perform on a contract constitutes actionable fraud.

The plain text of Subsection C of Section 50(a)(6) of Article XVI of the Texas Constitution, however, requires that the owner must have obtained the extension of credit (which this Court takes to mean the actual August 9th home equity loan from Option One) through actual fraud in order for the note holder to have recourse to personal liability. Again, this Court did not make a finding of fraud with respect to Plaintiff's conduct in securing the home equity note from Option One, and it has already ordered that all other relief requested is denied (docket no. 76). Moreover, the Defendant had ample opportunity to amend its pleading to include a claim of fraud, but it failed to do so. This Court therefore refuses to make a finding of fraud based solely on evidence of the Plaintiff's unsavory conduct before and during litigation because doing so would extend the fraud exemption in Subsection C of Section 50(a)(6) of Article XVI of the Texas Constitution beyond its rational meaning.

The authority that the Defendant uses to support its claim that a lack of intention to perform on a contract constitutes actionable fraud, similarly fails to provide a sufficient basis for this Court to find that the Plaintiff's actions in securing the home equity note constituted fraud. In ***Stanfield v. O'Boyle***, the Texas Supreme Court held that there was sufficient evidence to show that the defendant had no intention to convey real estate to the plaintiff as the two parties had agreed and that his conduct therefore amounted to actionable fraud. 462 S.W.2d 270, 272 (Tex. 1971). To reach this conclusion, the Court relied upon evidence of the defendant's actions and representations pertaining to the specific agreement in dispute. ***Id.*** It did not, as the Defendant asks this Court to do here, infer actionable fraud from a "scheme" of fraudulent

dealings with third parties. ***Stanfield*** therefore does not require that this Court infer a lack of intention to perform from the Plaintiff's fraudulent behavior in dealing with other creditors. In addition, this Court finds that evidence that the Plaintiff made payments on his loan with Wells Fargo for a year after securing the note sufficiently contradicts the Defendant's assertion that the Plaintiff never intended to perform on the note.

Because the loan that Option One provided to the Plaintiff on August 9, 2002 was a home equity loan, the Texas Constitution bars the Defendant from recovering attorneys' fees from the Plaintiff as a personal judgment absent a finding of actual fraud. This Court refuses to issue a supplemental finding of fraud that is not supported by Texas case law or by sufficient evidence. Even if the Plaintiff's behavior was reprehensible in the extreme, this Court cannot ignore the restrictions that the state of Texas has chosen to impose on forced sales of homesteads and home equity loans.

IT IS THEREFORE ORDERED that Defendant shall not be awarded attorneys' fees as a personal judgment against the Plaintiff and that Defendant's Post-Trial Motion for Award of Attorney's Fees filed May 10, 2011 (docket no. 70) is DENIED.

# # #